Filed 12/21/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 244

State of North Dakota, Plaintiff and Appellee

v.

Cullan D. Franzen, Defendant and Appellant

No. 20100105

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Sonna M. Anderson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Julie Ann Lawyer, Special Assistant State’s Attorney, P.O. Box 699, Bismarck, N.D. 58502-0699, for plaintiff and appellee.

Michael Ray Hoffman, P.O. Box 1056, Bismarck, N.D. 58502-1056, for defendant and appellant.

State v. Franzen

No. 20100105

Crothers, Justice.

[¶1] Cullan Franzen appeals from an order deferring imposition of sentence entered after he conditionally pled guilty, reserving the right to appeal the district court’s decision to deny his motion to suppress.  We affirm, concluding the evidence supports the district court’s denial of Franzen’s motion to suppress. 

I

[¶2] At approximately 9:52 a.m. on November 15, 2008, North Dakota Highway Patrol Officer Steven Mayer stopped Franzen for driving 82 mph in a 60 mph zone.  As Mayer stopped the vehicle, he observed a passenger in the front seat of the vehicle “making furtive movements as if he was trying to conceal something underneath the front seat.”  When Mayer approached the vehicle, he noted Franzen was smoking a freshly lit cigarette, several air fresheners were in the vehicle, a can of air freshener was on the center console, a knitted mushroom was hanging from the vehicle’s rearview mirror and a strong odor of air freshener was coming from the vehicle.  Mayer also noticed Franzen and the passenger, Anthony Zimmerman, appeared to be very nervous and Franzen’s hands were visibly shaking. 

[¶3] Mayer removed Franzen from the vehicle, placing him in the front passenger seat of Mayer’s patrol vehicle.  Zimmerman remained seated in Franzen’s vehicle.  Mayer interviewed Franzen while checking whether Franzen had any outstanding warrants, ran the vehicle’s license plates and issued a speeding citation.  Franzen had a Minnesota driver’s license, and the vehicle had Minnesota license plates.  While Mayer was issuing the citation, he questioned Franzen about his travels.  Franzen said they were returning to Minnesota after visiting Zimmerman’s family in Oregon for four days.  Franzen told Mayer they decided not to visit Zimmerman’s father because his father might get upset, and Franzen said Zimmerman’s mother was deceased.  Mayer issued Franzen a citation for speeding and left Franzen in the patrol vehicle so he could talk to Zimmerman separately.  Mayer also questioned Zimmerman about the purpose of the trip.  Zimmerman told Mayer that they had been in Oregon for two days to visit his family but that his parents are deceased.  

[¶4] Mayer returned to the patrol vehicle and asked Franzen whether there was any reason a canine would “indicate” on Franzen’s vehicle.  Franzen said no, and Mayer asked if he could search the vehicle.  Franzen admitted he had a bag of marijuana and a pipe used to smoke marijuana in his pocket.  Franzen was arrested approximately thirteen minutes after Mayer stopped the vehicle.  Mayer searched the vehicle and found drug paraphernalia, additional air fresheners and a significant amount of marijuana. 

[¶5] Franzen was charged with possession of marijuana with intent to deliver, a class B felony, and with possession of drug paraphernalia, a class A misdemeanor.  Franzen moved to suppress the evidence seized during the traffic stop, arguing the traffic stop was complete when the speeding citation was issued and any further seizure violated his Fourth Amendment rights.  The district court denied Franzen’s motion, ruling the brief detention while Mayer talked to Zimmerman was reasonable and Mayer had reasonable grounds to further detain and question Franzen.  Franzen conditionally pled guilty, reserving the right to appeal the denial of his motion to suppress.   

II

[¶6] 
When this Court reviews a district court’s decision on a motion to suppress evidence, “we defer to the [district] court’s findings of fact and resolve conflicts in the evidence in favor of affirmance.”  
State v. Guscette
, 2004 ND 71, ¶ 5, 678 N.W.2d 126.  We will affirm the court’s decision unless “there is insufficient competent evidence fairly capable of supporting the [district] court’s findings, or the decision is contrary to the manifest weight of the evidence.”  
Id.
  
We recognize the importance of the district court’s opportunity to assess the witnesses’ credibility.  
Id.

[¶7] Franzen argues the district court erred in denying his motion to suppress because his Fourth Amendment rights were violated when he was detained after Mayer issued the citation for speeding and the initial purpose of the traffic stop was completed.  Franzen concedes the initial stop of his vehicle was proper, but claims Mayer did not have reasonable suspicion Franzen was engaged in criminal activity to support his continued detention after the citation was issued. 

[¶8] 
The Fourth Amendment of the United States Constitution protects individuals from unreasonable searches and seizures.  “‘[T]raffic violations, even if considered common or minor, constitute prohibited conduct and, therefore, provide officers with requisite suspicion for conducting investigatory stops.’”  
State v. Fields
, 2003 ND 81, ¶ 7, 662 N.W.2d 242 (quoting 
State v. Storbakken
, 552 N.W.2d 78, 80-81 (N.D. 1996)); 
Whren v. United States
, 517 U.S. 806, 809-10 (1996).  An officer may detain an individual at the scene of a traffic stop for a reasonable period of time necessary for the officer to complete his duties resulting from the traffic stop, including:

“request[ing] the driver’s license and registration, request[ing] that the driver step out of the vehicle, request[ing] that the driver wait in the patrol car, conduct[ing] computer inquiries to determine the validity of the license and registration, conduct[ing] computer searches to investigate the driver’s criminal history and to determine if the driver has outstanding warrants, and mak[ing] inquiries as to the motorist’s destination and purpose.”

Fields
, at ¶ 8 (quoting 
United States v. Jones
, 269 F.3d 919, 924 (8th Cir. 2001)).  “The investigative detention may continue ‘as long as reasonably necessary to conduct these activities and to issue a warning or citation.’”  
Fields
, at ¶ 8 (quoting 
Jones
, at 925).  

[¶9] The continued seizure of a traffic violator after the purposes of the initial traffic stop are completed violates the Fourth Amendment unless the officer has a reasonable suspicion that criminal activity is afoot.  
Guscette
, 2004 ND 71, ¶ 7, 678 N.W.2d 126.  
See
 
Fields
, 2003 ND 81, ¶ 10, 662 N.W.2d 242.  The court must consider whether the traffic violator was “seized” within the meaning of the Fourth Amendment after the purposes of the initial traffic stop are complete and, if so, whether there was reasonable suspicion to support the seizure.  
Guscette
, at ¶ 7. 

[¶10] Franzen argues the purpose of the initial traffic stop was completed when Mayer issued the citation for speeding.  Franzen was stopped for speeding, and any further seizure after Mayer issued the traffic citation was not related to the initial purpose of the stop and must be supported by reasonable suspicion.

[¶11] An individual is “seized within the meaning of the Fourth Amendment if, in view of all surrounding circumstances, a reasonable person would have believed he or she was not free to leave the scene.”  
Guscette
, 2004 ND 71, ¶ 8, 678 N.W.2d 126; 
United States v. Mendenhall
, 446 U.S. 544, 554 (1980).  “To constitute a seizure, an officer must in some way restrain an individual’s liberty by physical force or show of authority.”  
Id.
  Here, Mayer took Franzen to his patrol vehicle and had Franzen sit in the front seat.  Mayer issued a speeding citation and then had Franzen remain in the patrol vehicle while he went to talk to Zimmerman.  Mayer testified he did not release Franzen after he issued the citation because he believed marijuana was in the vehicle and he needed to obtain more information.  Mayer did not tell Franzen he was free to leave after he gave Franzen the citation.  
Cf.
 
id.
 at ¶ 9 (driver was not seized, she was told she was free to leave and no threat or show of force was used).  
See also
 
Jones
, 269 F.3d at 926 (officer’s failure to inform the driver he is free to leave supports finding the encounter was not consensual).  It is reasonable to believe that a person in Franzen’s position would not feel free to leave.  
See
 
United States v. Jefferson,
 906 F.2d 346, 350 (8th Cir. 1990) (individual was seized for Fourth Amendment purposes when officer took the driver’s identification, asked the driver to sit in the front seat of the patrol vehicle and sat next to the driver in the patrol vehicle).  We conclude Franzen was seized within the meaning of the Fourth Amendment when he was detained after the citation was issued.  

[¶12] To determine whether a reasonable suspicion exists, we consider the totality of the circumstances and apply an objective standard, taking into consideration the inferences and deductions an investigating officer would make based on the officer’s training and experience.  
Fields
, 2003 ND 81, ¶ 13, 662 N.W.2d 242.  “‘The question is whether a reasonable person in the officer’s position would be justified by some objective manifestation to suspect the defendant was, or was about to be, engaged in unlawful activity.’”  
Id.
 (quoting 
State v. Kenner
, 1997 ND 1, ¶ 8, 559 N.W.2d 538). “Whether the facts support a reasonable and articulable suspicion is a question of law . . . .”  
Fields
, at ¶ 13.

[¶13] The court found Mayer believed Franzen may be involved in trafficking drugs because multiple car air fresheners were in the vehicle, an aerosol can air freshener was on the center console, the vehicle reeked of air freshener, Franzen had recently lit a cigarette and a knitted mushroom was hanging from the rearview mirror.  The court found Mayer suspected the air fresheners and cigarette were being used to mask the odor of marijuana.  Mayer testified that in his training and experience, a freshly lit cigarette, multiple air fresheners and a knitted mushroom are indicators of drug culture.  The use of a masking odor is a relevant factor in deciding whether reasonable suspicion exists.  
See
 
United States v. Foley
, 206 F.3d 802, 806 (8th Cir. 2000) (the presence of a masking odor, defendant’s nervous behavior, and defendant’s inability to recall details of the trip were sufficient to support reasonable suspicion); 
United States v. Lopez-Mendoza
, 601 F.3d 861, 865-66 (8th Cir. 2010). 

[¶14] Mayer testified he saw Zimmerman move as though he was hiding something under the front passenger’s seat.  Mayer also testified he noted Franzen was extremely nervous, he observed Franzen’s hands trembling, he could see Franzen’s carotid artery pounding, and he noticed Franzen’s nervousness seemed to increase as the stop continued.  Mayer testified Franzen’s behavior was unusual because a person’s nervousness generally decreases during a stop and seeing the carotid artery pounding usually only happens when “there is something major going on.”  “Nervous, evasive behavior is a pertinent factor in determining reasonable suspicion.”  
Fields
, 2003 ND 81, ¶ 19, 662 N.W.2d 242 (quoting 
State v. Heitzmann
, 2001 ND 136, ¶ 15, 632 N.W.2d 1); 
see also
 
Jones
, 269 F.3d at 928 (extreme and unusually nervous behavior in connection with one or two other facts can generate reasonable suspicion); 
United States v. Simpson
, 609 F.3d 1140, 1147-48 (10th Cir. 2010) (extreme and persistent nervousness is entitled to some weight).  Mayer testified Franzen’s nervousness was extreme and he did not behave as a person usually does during a traffic stop. 

[¶15] The State claims the inconsistencies in Franzen’s and Zimmerman’s stories were also a factor in determining whether there was reasonable suspicion.  Mayer testified the inconsistencies in Franzen’s and Zimmerman’s stories made him suspicious that they were transporting drugs.  Mayer testified he has learned in his drug training that when people are nervous and are transporting narcotics their stories are often inconsistent.  Inconsistencies about the details of a trip is a relevant factor in deciding whether reasonable suspicion exists.  
See
 
Jones
, 269 F.3d at 928.  However, Mayer did not know about the inconsistent details until after he gave Franzen the citation and the initial purpose of the stop was completed; therefore, the inconsistencies are not a factor in determining if reasonable suspicion for the continued seizure existed.  

[¶16] Considering the totality of the circumstances, including the use of a masking odor, the other indicators of drug culture, Zimmerman’s movements to hide something under the seat, and Franzen’s extreme nervousness, we conclude there was reasonable suspicion that Franzen was engaged in criminal activity to continue to detain Franzen after the initial purpose of the traffic violation was completed.  
Cf.
 
United States v. Villa-Chaparro
, 115 F.3d 797, 802 (10th Cir. 1997) (air freshener coupled with other indicia of criminal activity supports a reasonable brief inquiry); 
United States v. Ledesma-Dominguez
, 53 F.3d 1159, 1161 (10th Cir. 1995) (absence of personal identification, nervous behavior and presence of a masking odor created articulable suspicion a drug crime was being committed); 
United States v. Bloomfield
, 40 F.3d 910, 918-19 (8th Cir. 1994) (defendant’s extreme nervousness and a strong masking odor were sufficient to create reasonable suspicion the vehicle contained drugs and justified the seizure).  Franzen’s Fourth Amendment rights were not violated and the district court did not err in denying Franzen’s motion to suppress.  

III

[¶17] We affirm.

[¶18] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.