2015 ND 106

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Garron William GONZALEZ, Defendant and Appellant.**

**No. 20140213.**

Supreme Court of North Dakota.

April 28, 2015.

Rehearing Denied May 27, 2015.

Julie A. Lawyer, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee; on brief.

Garrett D. Ludwig, Mandan, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Garron Gonzalez appeals from a third amended criminal judgment and orders denying his motion to suppress evidence and revoking his probation. He argues the district court erred in denying his motion to suppress evidence, because the warrantless search of his cell phones was not authorized as a probation search and violated the Fourth Amendment. We affirm, concluding the search was a valid probationary search.

I

[¶ 2] In January 2004, Gonzalez pled guilty to two counts of gross sexual imposition, both class A felonies. He was sentenced to five years' incarceration, with all but 130 days suspended for five years, and five years' supervised probation.

[¶ 3] In November 2004, the State petitioned to revoke Gonzalez's probation. After a hearing, the district court revoked Gonzalez's probation and entered an amended criminal judgment, resentencing Gonzalez to five years incarceration on each count, to run concurrently, with all but 30 months suspended for five years, credit given for time served, and five years of supervised probation. The court also ordered Gonzalez's probation subject to certain rules and conditions, including he submit to a search of his vehicle or place of residence by any probation officer at any time of the day or night, with or without a search warrant; he not have unsupervised contact with minor females under the age of 18; he not purchase, possess, or use sexually stimulating materials of any kind; he not use 900 telephone numbers; and he not date or socialize with anyone who has children under the age of 18.

[¶ 4] In December 2010, Gonzalez's probation officer received information from the Mandan Police that Gonzalez was being investigated for contact with a minor. The probation officer and other law enforcement officers searched Gonzalez's residence and vehicle. During the search, the officers found two smartphone cellular phones, which were searched. The probation officer found evidence Gonzalez violated the conditions of his probation, and Gonzalez was arrested.

[¶ 5] The State petitioned to revoke Gonzalez's probation and filed an amended petition in January 2011. The State alleged Gonzalez violated the conditions of his probation by having contact with minor females, possessing sexually stimulating material on his cell phone, and committing the offense of gross sexual imposition. The State later dismissed the gross sexual imposition allegation. The district court revoked Gonzalez's probation and entered a second amended judgment. The court resentenced Gonzalez to twenty years' incarceration on each count, to run consecutively, with credit given for time served. Gonzalez appealed, and we affirmed the district court's order revoking probation and second amended judgment. *State v. Gonzalez*, 2011 ND 143, 799 N.W.2d 402.

[¶ 6] In August 2012, Gonzalez applied for post-conviction relief. The district court granted Gonzalez a new hearing on the January 2011 petition for revocation.

[¶ 7] Before the new hearing on the petition, Gonzalez moved to suppress evidence obtained as a result of the search of his cell phones, arguing the warrantless search was unreasonable and violated his Fourth Amendment rights. The State opposed the motion. A hearing was held on the motion to suppress. The district court denied Gonzalez's motion to suppress, finding Gonzalez had notice that any of his personal effects were subject to the search condition and the warrantless search of the cell phones was reasonable.

[¶ 8] After a hearing on the January 2011 petition for revocation, the court issued a third amended criminal judgment and an order revoking Gonzalez's probation. Gonzalez was resentenced to twenty years' incarceration on each count, to run concurrently, with credit given for time served.

[¶ 9] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

II

[¶ 10] Gonzalez argues the district court erred in denying his motion to suppress because the warrantless search of his cell phones exceeded the scope of an authorized probation search, was not reasonable, and violated the Fourth Amendment.

[¶ 11] In reviewing a district court's decision denying a motion to suppress, we apply a deferential standard of review and defer to the court's findings of fact. *State v. Adams*, 2010 ND 184, ¶ 7, 788 N.W.2d 619. The district court is in a superior position to judge the witnesses' credibility, and we resolve conflicts in testimony in favor of affirmance. *Id.* Generally, a decision denying a motion to suppress will not be reversed if there is sufficient competent evidence capable of supporting the court's findings and its decision is not contrary to the manifest weight of the evidence. *Id.* Questions of law are fully reviewable. *Id.* Whether an officer's conduct violates constitutional prohibitions against unreasonable searches and seizures is a question of law. *State v. Maurstad*, 2002 ND 121, ¶ 11, 647 N.W.2d 688.

[¶ 12] The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. *Adams*, 2010 ND 184, ¶ 11, 788 N.W.2d 619. "When reviewing the constitutionality of probationary searches, we have interpreted the North Dakota Constitution to provide the same protections for probationers as provided by the United States Constitution." *Maurstad*, 2002 ND 121, ¶ 11, 647 N.W.2d 688. Generally a warrantless search by law enforcement is unreasonable, unless it falls within one of the recognized exceptions to the warrant requirement. *Adams*, at ¶ 11.

[¶ 13] A valid probationary search is one of the exceptions to the warrant requirement. *Adams*, 2010 ND 184, ¶ 12, 788 N.W.2d 619; *State v. Smith*, 1999 ND 9, ¶ 13, 589 N.W.2d 546. A probationer's Fourth Amendment rights are limited. *Adams*, at ¶ 12. " 'Just as other punishments . . . curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens.' " *Id.* (quoting *United States v. Knights*, 534 U.S. 112, 119, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001)).

A

[¶ 14] Gonzalez argues the warrantless search of his cell phones does not satisfy the Fourth Amendment reasonableness standard because the search was not authorized by N.D.C.C. § 12.1–32–07 or the conditions of his probation. He contends N.D.C.C. § 12.1–32–07(4)(n) authorizes a warrantless search only of a probationer's person, place of residence, or vehicle as a probation condition, and it does not expressly authorize a probation officer to search and seize the probationer's cell phone or other personal effects without a warrant. He also claims his probation conditions did not state his cell

phone was subject to a warrantless search, and therefore the search of his phones was unreasonable without a warrant or some other exception to the warrant requirement.

[¶ 15] Section 12.1–32–07(4)(n), N.D.C.C., authorizes the district court to impose conditions of probation as it considers appropriate, including requiring the probationer to submit his "person, place of residence, or vehicle to search and seizure by a probation officer at any time of the day or night, with or without a search warrant." Gonzalez's probation conditions included:

(I) Defendant shall submit to search of his person, vehicle, or place of residence by any probation officer at any time of the day or night, with or without a search warrant.

. . . .

(R) Defendant shall not have unsupervised contact with minor females under the age of 18, unless they are a member of his immediate family.

(S) Defendant shall not telephone or write to either victim[,] contact victim, or contact either victim through third parties or be within 25 yards of the victim.

. . . .

(W) Defendant shall not purchase, possess, or use sexually stimulating materials of any kind. Defendant shall not utilize 900 telephone numbers.

[¶ 16] Section 12.1–32–07(4)(n), N.D.C.C., authorizes the district court to order the probationer submit to a search of his person, place of residence, or vehicle as a condition of his probation. The district court ordered Gonzalez submit to a search of his person, vehicle, or place of residence as a condition of his probation. Although N.D.C.C. § 12.1–32–07 does not explicitly authorize a court to require a probationer submit to a search of his cell phone and the conditions of Gonzalez's probation did not expressly state he was required to submit to a warrantless search of his cell phone, both authorize a warrantless search of the probationer's residence and vehicle. The cell phones were found in Gonzalez's residence and his vehicle.

[¶ 17] If we agreed with Gonzalez's reasoning, a probation officer could search his house or vehicle and seize any evidence found in plain sight but would not be authorized to search anything located in the house or vehicle where evidence of a probation violation may be contained, including a box, computer, cell phone, or other personal effects. This Court and other courts have held searches of items located inside the residence are not unreasonable and are within the scope of a valid probationary search. *See, e.g., United States v. Yuknavich,* 419 F.3d 1302, 1309–11 (11th Cir.2005) (search of probationer's computer was reasonable, no probation condition expressly requiring warrantless searches); *Adams,* 2010 ND 184, ¶ 17, 788 N.W.2d 619 (search of a locked safe reasonably accessible by law enforcement was within the scope of the probation search and was reasonable). The district court is not required to explicitly list every item that may be searched in the conditions of probation. The search of Gonzalez's cell phones was within the scope of the warrantless search condition of his probation order, and the search condition was authorized by N.D.C.C. § 12.1–32–07.

▆▆▆ [¶ 18] Gonzalez also claims his probation conditions did not give him notice that his cell phones would be subject to warrantless search and seizure. Gonzalez was on probation for gross sexual imposition convictions, which were based on allegations that he engaged in sexual acts with a juvenile female under the age of fifteen. The conditions of his probation

included that he submit to searches of his person, residence, and vehicle, with or without a warrant, and that he not have contact with minor females, telephone the victim, or utilize 900 telephone numbers. The conditions of Gonzalez's probation gave him notice that his cell phones would be subject to search. *Cf. Yuknavich*, 419 F.3d at 1310 (probationer was convicted of child pornography and his internet usage was restricted as a condition of probation, which gave him notice that he should be prepared to answer questions about his usage and that he may be required to submit to a warrantless search of his computer). The search condition was reasonably related to the underlying offense.

[¶ 19] We conclude the search of Gonzalez's cell phones was within the scope of the conditions of his probation, and the conditions were authorized by N.D.C.C. § 12.1–32–07.

B

[¶ 20] Gonzalez argues a warrant is required to search a cell phone, cell phones are different from other personal property items, and exceptions to the warrant requirement generally do not apply to searches of cell phones. Citing *Riley v. California*, —— U.S. ——, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014), Gonzalez contends the United States Supreme Court held cell phones are entitled to greater Fourth Amendment protection than other personal property items.

[¶ 21] In *Riley*, 134 S.Ct. at 2480, the United States Supreme Court decided whether police may conduct a warrantless search of digital information on a cell phone seized from an individual during a lawful arrest under the search incident to arrest exception to the warrant requirement. The Court explained that the rationale for the search incident to arrest exception, officer safety and preventing the destruction of evidence, does not apply and there are no comparable risks when the search is of digital data. *Id.* at 2484–85. The Court also expressed concerns about the arrestee's privacy interests and noted that a search of the information contained on a cell phone is very different from the brief physical search of other search incident to arrest cases because cell phones are often minicomputers that contain vast quantities of personal information and hold "the privacies of life" for many people. *Id.* at 2485, 2488–91. Because the rationale for the search incident to arrest exception does not apply to a search of the data contained on a cell phone and the privacy concerns are greater, the Court held the exception does not apply to cell phone searches and an officer must generally secure a warrant before conducting such a search. *Id.* at 2485.

[¶ 22] The search of Gonzalez's cell phones was not a search incident to arrest. The Supreme Court explained that its holding in *Riley* does not apply to other exceptions to the warrant requirement, stating that "even though the search incident to arrest exception does not apply to cell phones, other case-specific exceptions may still justify a warrantless search of a particular phone." *Riley*, 134 S.Ct. at 2494. We do not see any reason why the probationary search exception does not survive under *Riley*.

[¶ 23] The rationale for the probationary search exception is different from the rationale for searches incident to arrest. Probation, like incarceration, is a criminal sanction the court may impose after the probationer has been convicted of a crime and "[i]nherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled.'" *Knights*, 534 U.S. 112, 119, 122 S.Ct. 587 (2001) (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 874, 107 S.Ct.

3164, 97 L.Ed.2d 709 (1987)); *see also Adams,* 2010 ND 184, ¶ 12, 788 N.W.2d 619. The sentencing court may impose reasonable search conditions that deprive the offender of some of the freedoms law-abiding citizens enjoy and significantly diminish the probationer's expectation of privacy. *Knights* at 119–20, 122 S.Ct. 587. Unlike searches incident to arrest, the probationer is subject to search as part of his punishment for his prior criminal acts and the probationer consents to warrantless searches and limitations on his Fourth Amendment rights when he accepts the conditions of probation. *See id.* at 119, 122 S.Ct. 587; *State v. Krous,* 2004 ND 136, ¶ 19, 681 N.W.2d 822 (probationer consents to reasonable warrantless searches as a condition of probation). The search condition also furthers two of the primary goals of probation, rehabilitating the offender and protecting society from future criminal violations. *See Knights* at 119, 122 S.Ct. 587. "[The state's] interest in apprehending violators of the criminal law, thereby protecting potential victims of criminal enterprise, may therefore justifiably focus on probationers in a way that it does not on the ordinary citizen." *Id.* at 121, 122 S.Ct. 587. The Supreme Court's privacy concerns in *Riley* do not exist in this case. Gonzalez has not cited any case law supporting his argument that *Riley* requires a probation officer to obtain a search warrant to search a cell phone when the search is included as a condition of probation. We conclude the warrantless search of a cell phone under a probation search condition is different from a search incident to arrest, and the Supreme Court's holding in *Riley* does not apply. *See United States v. Dahl,* 64 F.Supp.3d 659, 664 2014 WL 6792676, *6 (E.D.Penn. Dec. 3, 2014) (*Riley* does not undermine *Knights* and require a search warrant to search a probationer's cell phone when there is rea-

sonable suspicion the probationer was engaged in unlawful activity).

C

[¶ 24] Gonzalez argues the search of his cell phones does not satisfy the Fourth Amendment reasonableness standard. He contends that even if the conditions of his probation authorized a search of his cell phones, the search exceeded the scope of what was authorized.

[¶ 25] When a probationary search is authorized by a condition of probation and is supported by reasonable suspicion, the search is a valid probationary search and is reasonable under the Fourth Amendment. *Maurstad,* 2002 ND 121, ¶ 28, 647 N.W.2d 688. Whether a probationary search is supported by reasonable suspicion is a question of law, which is fully reviewable on appeal. *Id.* at ¶ 35. "Reasonable suspicion exists when a reasonable person 'would be justified by some objective manifestation to suspect the defendant was, or was about to be, engaged in unlawful activity.'" *Id.* (quoting *City of Devils Lake v. Lawrence,* 2002 ND 31, ¶ 8, 639 N.W.2d 466).

[¶ 26] The district court found the search was reasonable, but did not specifically find there was reasonable suspicion to support the search. The court also did not make any specific findings about the facts and circumstances surrounding the search. However, the only evidence presented at the suppression hearing was through the testimony of Gonzalez's probation officer. Gonzalez did not present any evidence or testimony from other witnesses. The facts are not disputed.

[¶ 27] Gonzalez was placed on probation after he was convicted of two counts of gross sexual imposition for engaging in a sexual act with a female under the age of fifteen. The conditions of his probation required him to have no unsupervised con-

tact with minor females. Gonzalez's probation officer received information from the police about an investigation involving Gonzalez's contact with a juvenile. The probation officer testified he searched Gonzalez's residence with other law enforcement officers, looking for computers, notes, letters, or any other kind of information showing Gonzalez had contact with juveniles. Under the totality of the circumstances, Gonzalez's probation officer had reasonable suspicion that Gonzalez was engaging in unlawful activity. We conclude the probation search was supported by reasonable suspicion.

[¶ 28] Gonzalez argues the search exceeded the scope of a search authorized under the conditions of his probation because the probation officer no longer had authority to search the cell phones once the phones were removed from his residence and vehicle.

[¶ 29] The probation officer testified he searched the phones at Gonzalez's residence and found "concerning" Facebook contacts and pictures he considered sexually stimulating material, which were evidence Gonzalez violated the conditions of his probation. The officer testified the phones were seized and he took them into evidence, a forensic download of the data on the phones was conducted six days after the search of the residence and vehicle, and he later contacted several female juveniles on the basis of the information obtained from the cell phones to continue investigating potential probation violations. The probation officer found evidence of probation violations during the search of the phones at Gonzalez's residence, and the cell phones were seized and Gonzalez was arrested as a result. Once the probation officer found evidence of probation violations on the cell phones and seized the phones, Gonzalez no longer had a privacy interest in the data on the cell phones and

his rights were not violated by further review of the data on the phones. *See United States v. Burnette*, 698 F.2d 1038, 1049 (9th Cir.1983) ("[O]nce an item in an individual's possession has been lawfully seized and searched, subsequent searches of that item, so long as it remains in the legitimate uninterrupted possession of the police, may be conducted without a warrant."); *State v. Hagan*, 113 S.W.3d 260, 266 (Mo.Ct.App.2003) (once evidence was lawfully seized, the defendant's privacy interest in the evidence was eviscerated).

[¶ 30] We conclude the search was reasonable and did not violate the Fourth Amendment, because the search was authorized by a condition of Gonzalez's probation and was supported by reasonable suspicion. The cell phones were lawfully searched and seized, and Gonzalez's rights were not violated by further searches of the phones after they were removed from his residence and vehicle.

### III

[¶ 31] We do not address other issues and arguments raised, because they are either unnecessary to the decision or are without merit. We affirm the district court's order denying Gonzalez's motion to suppress evidence, the order revoking his probation, and the third amended criminal judgment.

[¶ 32] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS and LISA FAIR McEVERS, JJ., concur.

CAROL RONNING KAPSNER, J., concurs in the result.