2017 ND 51

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Jesse Gene WHITE, Defendant and Appellant**

**No. 20160227**

Supreme Court of North Dakota.

Filed 3/7/2017

Julie A. Lawyer, Burleigh County Assistant State's Attorney, 514 East Thayer Avenue, Bismarck, N.D. 58501, for plaintiff and appellee.

Kent M. Morrow, 103 South Third Street, Suite 6, Bismarck, N.D. 58501, for defendant and appellant.

Crothers, Justice.

[¶ 1] Jesse White appeals from a criminal judgment entered after a jury found he was guilty of possession of certain materials prohibited. We affirm, concluding the probation search of White's cell phones did not violate his Fourth Amendment rights and sufficient evidence supports his conviction.

## I

[¶ 2] White was on supervised probation when his residence was searched. His probation conditions required him to submit to a search of his person, vehicle or residence as requested by his probation officer.

[¶ 3] On April 15, 2014, a probation officer searched White's residence after police officers received a tip from White's girlfriend. White's girlfriend told officers that she discovered images of clothed, young girls in provocative positions and that White was uploading pictures to a cell phone with no service. The probation officer and police officers went to White's residence where the probation officer informed White of the reason for searching his residence and that they were interested in images on any computers or phones. White pointed out his laptop computer and cell phones, including a phone that did not have cellular service. An officer found a folder of papers containing Facebook login information for "Jesse White" and "Ashley Black." White claimed he did not know "Ashley Black." Officers also found pornographic DVDs, including DVDs titled "Barely Legal." The officers looked at the cell phones and found numerous pictures of clothed young girls and at least one picture of a topless prepubescent girl. A search warrant was granted. The phones and computer were forensically analyzed and images of young, unclothed females were found.

[¶ 4] White was charged with possession of certain materials prohibited in violation of N.D.C.C. § 12.1–27.2–04.1, a class C felony. White moved to suppress any evidence seized from his cell phones, arguing officers were required to obtain a warrant before searching his cell phones and the search warrant was issued upon illegally seized evidence. The State opposed the motion and argued the cell phone search did not violate White's constitutional rights because it was a probationary search and the officers had reasonable suspicion. Neither party requested a hearing. The district court denied the motion to suppress, concluding the search was constitutional because it was a probationary search and the officers had reasonable suspicion.

[¶ 5] A jury trial was held. The jury found White guilty of possession of certain materials prohibited. White was sentenced to three years in prison with all but 18 months suspended and three years parole following release from prison.

## II

[¶ 6] White argues the district court erred in denying his motion to suppress

because the search of his cell phones violated his Fourth Amendment rights. He claims the search was not a reasonable probation search because his probation conditions are limited to searching his "person, vehicle, or residence" and do not include his cell phone and the officer did not have reasonable suspicion to justify the search. White does not challenge the initial entry into his residence or the initial search of his residence; rather, he only argues the search of his cell phones violated his constitutional rights.

[¶ 7] In reviewing a district court's decision on a motion to suppress we defer to the district court's findings of fact, and we resolve conflicts in testimony in favor of affirmance because we recognize the district court is in a superior position to assess the witnesses' credibility and weigh the evidence. State v. Schmidt, 2015 ND 134, ¶ 5, 864 N.W.2d 265. "A district court's findings of fact on a motion to suppress will not be reversed if there is sufficient competent evidence fairly capable of supporting the court's findings, and the decision is not contrary to the manifest weight of the evidence." Id. (quoting State v. DeCoteau, 1999 ND 77, ¶ 6, 592 N.W.2d 579). Questions of law are fully reviewable, and whether a finding of fact meets a legal standard is a question of law. Schmidt, at ¶ 5.

[¶ 8] The Fourth Amendment of the United States Constitution and Article I, Section 8 of the North Dakota Constitution protect individuals from unreasonable searches and seizures. "When reviewing the constitutionality of probationary searches, we have interpreted the North Dakota Constitution to provide the same protections for probationers as provided by the United States Constitution." State v. Ballard, 2016 ND 8, ¶ 8, 874 N.W.2d 61 (quoting State v. Maurstad, 2002 ND 121, ¶ 11, 647 N.W.2d 688). To determine the reasonableness of a search we consider the totality of the circumstances and balance the degree to which the search intrudes upon an individual's privacy against the degree to which the search is needed for the promotion of legitimate governmental interests. Ballard, at ¶¶ 8, 34.

[¶ 9] In United States v. Knights, 534 U.S. 112, 122, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001), the Supreme Court considered the totality of the circumstances, balanced governmental and private interests and held a warrantless probationary search was reasonable when it was supported by reasonable suspicion and authorized by a condition of probation. The Court explained that probationers have a lesser expectation of privacy:

"Probation, like incarceration, is a form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty. Probation is one point ... on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service. Inherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled. Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens."

Id. at 119, 122 S.Ct. 587 (citations and quotations omitted). The Court also said a probationer may be more likely to engage in criminal conduct than an ordinary member of the community, the State has an interest in stopping criminal conduct and protecting potential victims and, therefore, the State may justifiably focus on probationers in a way that it does not focus on ordinary citizens. Id. at 120–21, 122 S.Ct. 587. The Court said, "When an officer has

reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable." Id. at 121, 122 S.Ct. 587. The Court did not address whether a suspicionless probationary search authorized by a condition of probation was reasonable. Id. at 120 n. 6, 122 S.Ct. 587.

[¶ 10] In Samson v. California, 547 U.S. 843, 846, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006), the United States Supreme Court considered whether suspicionless searches of parolees violated the Fourth Amendment. The Court applied the totality of the circumstances analysis, explaining that a parolee or a prisoner has a lesser expectation of privacy than a probationer and that the government's interests are substantial. Id. at 850–53, 126 S.Ct. 2193. The Court held the suspicionless search of a parolee does not violate the Fourth Amendment. Id. at 857, 126 S.Ct. 2193.

[¶ 11] This Court has most recently considered the constitutionality of a probation search in Ballard, 2016 ND 8, 874 N.W.2d 61. We applied the totality of the circumstances balancing test and held a suspicionless search of an unsupervised probationer was constitutionally unreasonable and violated the Fourth Amendment. Id. at ¶¶ 41–42. We noted the State's interest in restraining the liberty of an unsupervised probationer was much less than its "overwhelming" interest in supervising parolees upon release from prison, and an unsupervised probationer with minimal probation conditions had a greater expectation of privacy. Id. at ¶¶ 37, 40. We held the governmental interests did not outweigh the probationer's expectation of privacy and a suspicionless search was not reasonable under the Fourth Amendment. Id. at ¶ 41.

[¶ 12] This case is different from Ballard. The issue in Ballard was whether a suspicionless search of an unsupervised probationer was constitutional. In this case White was on supervised probation and the State claims the officers had reasonable suspicion to search White's cell phones. This case is similar to Knights. A supervised probationer has a lower expectation of privacy than an unsupervised probationer. See Ballard, 2016 ND 8, ¶ 35, 874 N.W.2d 61. The State has a greater interest in supervising a supervised probationer than an unsupervised probationer. See Ballard, at ¶ 37 (discussing the continuum of possible punishments and its effect on the defendant's privacy interests and state's interests). Balancing the totality of the circumstances, no more than reasonable suspicion was required to conduct a search under the conditions of White's probation. See Knights, 534 U.S. at 121, 122 S.Ct. 587.

[¶ 13] The conditions of White's probation included allowing officers to search his person, vehicle or residence. The conditions of White's probation allowed officers to search the cell phones located inside White's residence as part of the probation search. See State v. Gonzalez, 2015 ND 106, ¶¶ 16–17, 862 N.W.2d 535 (holding the search of probationer's cell phones was within scope of valid probationary search when condition of probation authorizing search of person, place of residence or vehicle and the cell phones were located inside the residence and vehicle); State v. Adams, 2010 ND 184, ¶ 17, 788 N.W.2d 619 (search of a locked safe inside probationer's residence was within the scope of a valid probationary search). The search was authorized by a condition of White's probation.

[¶ 14] Reasonable suspicion exists when a reasonable person would be justified by some objective reason to suspect

the defendant was, or was about to be, engaged in unlawful activity. State v. Franzen, 2010 ND 244, ¶ 12, 792 N.W.2d 533. The district court found White's girlfriend informed officers that she had discovered images of clothed, young girls in provocative positions and that White was uploading pictures to a cell phone that did not have service. There also was evidence officers searched White's residence before searching his cell phones and found a folder containing Facebook login information for "Jesse White" and "Ashley Black" and pornographic DVDs entitled "Barely Legal." White told officers he did not know "Ashley Black." White does not argue the officers' initial entry and search of his residence violated his Fourth Amendment rights. Under the facts and circumstances of this case, the officers had reasonable suspicion to search White's cell phones.

[¶ 15] The warrantless search of White's cell phones, authorized by the conditions of White's probation and supported by reasonable suspicion, was constitutionally reasonable. The district court did not err in denying White's motion to suppress.

### III

[¶ 16] White argues his conviction should be reversed because the evidence was not sufficient to support the jury's verdict.

[¶ 17] Our review of the sufficiency of the evidence for a jury verdict is very limited. State v. Russell, 2016 ND 208, ¶ 13, 886 N.W.2d 677. "A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational fact finder could find the defendant guilty beyond a reasonable doubt." State v. Rufus, 2015 ND 212, ¶ 6, 868 N.W.2d 534 (quoting State v. Corman, 2009 ND 85, ¶ 8, 765 N.W.2d 530). The

defendant has the burden to show the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. Russell, at ¶ 13. This Court does not reweigh evidence or judge witness credibility. Rufus, at ¶ 6.

[¶ 18] A person is guilty of possession of certain materials prohibited if, "knowing of its character and content, that person knowingly possesses any motion picture, photograph, or other visual representation that includes sexual conduct by a minor." N.D.C.C. § 12.1–27.2–04.1. Sexual conduct is "actual or simulated sexual intercourse, sodomy, sexual bestiality, masturbation, sadomasochistic abuse, or lewd exhibition of the buttocks, breasts, or genitals . . . ." N.D.C.C. § 12.1–27.2–01(4). In determining the age of a minor:

"[T]he trier of fact may base its determination on personal inspection of the minor, inspection of a photograph or motion picture of the sexual performance, testimony by a witness to the sexual performance as to the age of the minor based upon the minor's appearance, expert testimony based upon the appearance of the minor in the sexual performance, or any other method authorized by law or by rule."

N.D.C.C. § 12.1–27.2–06.

[¶ 19] White argues the State did not prove beyond a reasonable doubt that the photographs he possessed showed sexual conduct by a minor. He claims none of the photographs show sexual conduct, the photographs show the subject's exposed breasts, but the photographs do not show "lewd exhibition of . . . breasts." White also claims the State did not prove the subjects of the photographs were minors.

[¶ 20] The probation officer testified he found the cell phones and a laptop computer in White's residence and White admitted the phones were his. Officer Scott

Betz, who was employed by the Bismarck Police Department at the time of the investigation, testified he recovered 74 images from the cell phones and laptop that he believed contained child pornography and another 109 images that possibly contained child pornography. Some of the images were offered and admitted in evidence. All of the admitted images included subjects who were young females with their breasts or genitals exposed. Betz testified he believed the female in one of the pictures was 8 to 12 years old, the females in three other pictures were 12 to 16 years old, and the female in another picture was 10 to 12 years old. Betz testified all of the recovered photographs were sent to the National Center for Missing and Exploited Children, two of the photographs were identified as known images and the subjects of those two photographs were identified as being under 18. White's expert witness, Daniel Meinke, testified he is a computer forensic examiner, he has examined several hundred cases for child pornography and he estimated the age of the subject in one of the photos to be 8 to 10 years old.

[¶ 21] During the trial White argued the photographs did not show lewd exhibition of the breasts, genitalia or buttocks as the law requires. Chapter 12.1–27.2, N.D.C.C., does not specifically define "lewd," and White did not request the district court give a specific jury instruction defining "lewd." The jury was instructed that it may apply matters of common knowledge to the facts and circumstances. Black's Law Dictionary, 10th edition, defines "lewd" as "[o]bscene or indecent; tending to moral impurity or wantonness." The jury could determine the photographs showed lewd exhibition of breasts, genitalia or buttocks.

[¶ 22] Viewing the evidence in the light most favorable to the verdict and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, sufficient evidence supports the jury's verdict.

## IV

[¶ 23] We affirm the judgment, concluding the probation search of White's cell phones did not violate his Fourth Amendment rights and sufficient evidence supports his conviction.

[¶ 24] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Jerod E. Tufte

Gerald W. VandeWalle, C.J.