# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 124

State of North Dakota,                                 Plaintiff and Appellee

      v.

Richard John Jason Powley,                   Defendant and Appellant

### Nos. 20190323 & 20190324

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Joshua A. Amundsom, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**VandeWalle, Justice.**

[¶1]  Richard Powley appealed from a criminal judgment entered after a jury found him guilty of three counts of gross sexual imposition (GSI). On appeal, Powley argues the district court erred by denying his motion to suppress evidence obtained from a warrantless search of his cell phone. We affirm.

I

[¶2]  Powley was arrested for aggravated assault on July 17, 2017. Powley was on parole at the time of his arrest. As a condition of his parole, Powley consented to the following term:

> I shall allow my person, place of residence and any outbuildings or curtilage, vehicle, or property I own, lease or possess; to be searched and any contraband and evidence found may be seized at any time of the day or night by a parole officer without requiring the parole and probation officer to obtain or present a search warrant.

On the day after Powley's arrest, the detective investigating the assault case seized Powley's cell phone from his property at the detention center. On July 25, Powley was transferred to the state penitentiary. On July 26, detectives conducted a warrantless search of Powley's cell phone as part of the investigation of the aggravated assault under the condition of Powley's parole permitting warrantless searches. The detectives believed there was evidence of communications between Powley and the victim of the aggravated assault on Powley's cell phone. As part of the warrantless search of Powley's cell phone, detectives discovered videos of Powley sexually assaulting an adult woman. These videos led to the GSI charges against Powley. Powley's parole was revoked on August 9, 2017.

[¶3]  After being charged, Powley made a motion to suppress the evidence extracted from his cell phone. Powley argued that given the totality of the circumstances, the search of his phone was unreasonable because he was in

custody at the time of the search. Powley cited *State v. White*, 2017 ND 51, 890 N.W.2d 825, and *State v. Ballard*, 2016 ND 8, 874 N.W.2d 61, in support of this argument. Powley also argued the conditions of his parole became null and void once he was taken into custody. The district court denied Powley's motion. The court found Powley's parole was not revoked until August 9, 2017, and therefore Powley was still subject to the conditions of his parole. The district court additionally found the conditions of Powley's parole remained in effect while he was incarcerated under N.D.C.C. § 12-59-15.

## II

[¶4] Our standard for reviewing a district court's decision to grant or deny a motion to suppress evidence is well established:

> A trial court's disposition of a motion to suppress will not be reversed if, after conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. Questions of law are fully reviewable. Whether a violation of the constitutional prohibition against unreasonable searches and seizures has occurred is a question of law.

*State v. West*, 2020 ND 74, ¶ 7, 941 N.W.2d 533 (quoting *State v. Ballard*, 2016 ND 8, ¶ 6, 874 N.W.2d 61).

## III

[¶5] On appeal, Powley argues that because law enforcement detectives conducted the warrantless search of his phone, instead of a parole or probation officer, the search was not permitted under Powley's conditions of parole, and any evidence obtained from the search should have been suppressed. After reviewing the entire record, Powley did not raise this argument in the district court. "We have long held that issues not raised or considered in the district court cannot be raised for the first time on appeal." *State v. Smith*, 2019 ND 239, ¶ 12, 934 N.W.2d 1 (citing *State v. Dockter*, 2019 ND 203, ¶ 8, 932 N.W.2d 98). We decline to consider Powley's argument because he is raising it for the first time on appeal.

2

# IV

[¶6]  Powley argues the terms of his parole were suspended because he was incarcerated. Section 12-59-15(2), N.D.C.C., provides:

> Upon issuance of a warrant of arrest for a parole violation, the running of the time period of parole must be suspended until the parole board issues a final order under this section. The parolee is entitled to credit for time spent in physical custody from the time of arrest until the time the parole board issues a final order.

Powley contends this provision suspended the terms of his parole once he was incarcerated, and, therefore, law enforcement was not permitted to conduct the warrantless search of his cell phone pursuant to the terms of his parole.

[¶7]  In *State v. Stenhoff*, 2019 ND 106, 925 N.W.2d 429, we considered an argument similar to Powley's. Stenhoff was on supervised probation. *Id.* at ¶ 2. As part of the terms of his probation, Stenhoff agreed to submit his person, place of residence and vehicle, or any other property to which he had access to warrantless searches. *Id.* While serving his probationary sentence, Stenhoff was arrested for allegedly violating the terms of his probation and incarcerated. *Id.* at ¶¶ 2-3. After Stenhoff was incarcerated, law enforcement officers and Stenhoff's probation officer conducted a probationary search of the residence where Stenhoff was apprehended and found illegal contraband. *Id.* at ¶ 4. Stenhoff filed a motion to suppress the illegal evidence claiming the warrantless probationary search violated his Fourth Amendment rights. *Id.* at ¶ 5. The district court granted Stenhoff's motion. *Id.* at ¶ 1. We reversed concluding Stenhoff's incarceration did not terminate or suspend Stenhoff's probation or the conditions of his probation and held "conditions of probation may apply when a person is incarcerated." *Id.* at ¶¶ 13-14. More analogous to the instant case, we pointed out that "a similar result has been held in regard to prisoners on parole." *Id.* at ¶ 15 (citing *U.S. v. Jones*, 152 F.3d 680, 686-87 (7th Cir. 1998); *U.S. v. Hill*, 967 F.2d 902, 911 (3d Cir. 1992); *U.S. v. Trujillo*, 404 F.3d 1238, 1243-44 (10th Cir. 2005)).

[¶8]  Nowhere in N.D.C.C. § 12-59-15(2) are a parolee's conditions of parole discussed, and nor does § 12-59-15(2) suspend a parolee's conditions of parole

upon the parolee's incarceration. Moreover, we see no meaningful difference between *Stenhoff* and the instant case. Consistent with our decision in *Stenhoff* and the cases cited therein, as well as the decisions of other states with similar statutes, *e.g.*, *State v. Ellis*, 314 P.3d 639 (Idaho Ct. App. 2013), we extend the holding pronounced in *Stenhoff* and conclude a parolee's conditions of parole continue to apply when the parolee is incarcerated. Powley remained subject to the conditions of his parole while he was incarcerated, until his parole is revoked.

V

[¶9] Powley asserts law enforcement detectives conducted a suspicionless search of his cell phone. Powley contends that because he was incarcerated at the time of the search, the warrantless search was unreasonable and in violation of his Fourth Amendment rights. The State urges us to establish a bright line rule consistent with the United States Supreme Court's decision in *Samson v. California*, 547 U.S. 843 (2006), in which the Court held suspicionless searches of parolees under California statute were not unreasonable using a totality-of-the-circumstances approach. We decline both arguments because law enforcement detectives had reasonable suspicion to conduct the warrantless search of Powley's cell phone.

[¶10] In *State v. Stenhoff*, 2019 ND 106, ¶ 9, 925 N.W.2d 429, we expounded the relationship between the protections provided under the Fourth Amendment and probationary searches:

> The Fourth Amendment to the United States Constitution and art. I, § 8, of the North Dakota Constitution protect individuals from unreasonable searches and seizures. "When reviewing the constitutionality of probationary searches, we have interpreted the North Dakota Constitution to provide the same protections for probationers as provided by the United States Constitution." [*State v.*] *Maurstad*, 2002 ND 121, ¶ 11, 647 N.W.2d 688 (citations omitted). "[U]nder our general Fourth Amendment approach we examin[e] the *totality of the*

4

*circumstances* to determine whether a search is reasonable within the meaning of the Fourth Amendment." *Samson v. California*, 547 U.S. 843, 848, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006) (citation omitted) (quotation marks omitted).

2016 ND 8, ¶ 8, 874 N.W.2d 61 (emphasis added). "The touchstone of the Fourth Amendment is reasonableness, and the reasonableness of a search is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." [*State v.*] *Ballard*, [2016 ND 8, ¶ 30, 874 N.W.2d 61] (quoting *U.S. v. Knights*, 534 U.S. 112, 118-19, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001)). "We consider the totality of the circumstances to balance the degree to which the search intrudes upon an individual's privacy against the degree to which the search is needed to promote legitimate government interests." *State v. White*, 2018 ND 266, ¶ 7, 920 N.W.2d 742. A probationary search based on reasonable suspicion meets constitutional muster. *State v. Maurstad*, 2002 ND 121, ¶ 37, 647 N.W.2d 688; *see also U.S. v. Knights*, 534 U.S. 112, 122 S.Ct. 587, 593, 151 L.Ed.2d 497 (2001) ("When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable.").

[¶11] Parole is one point on the "continuum" of state-imposed punishments. *See Ballard*, 2016 ND 8, ¶¶ 34-35, 874 N.W.2d 61 (quoting *Samson*, 547 U.S. at 850). "On this continuum, parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is to imprisonment." *Samson*, 547 U.S. at 850. By virtue of their status alone, parolees have "severely diminished expectations of privacy." *Samson*, at 852.

[¶12] In *Ballard*, 2016 ND 8, 874 N.W.2d 61, a deputy sheriff conducted a suspicionless search of Ballard's home while he was on unsupervised probation. *Id.* at ¶¶ 2, 4. Ballard argued the suspicionless search of his home while he was on unsupervised probation was unreasonable. *Id.* at ¶ 1. The

5

majority opinion discussed, at length, the continuum of state-imposed punishments and the expectation of privacy at various points on the continuum. The majority posited that probationers are afforded an expectation of privacy greater than parolees or prisoners because a defendant's loss of liberty is proportional to the punishment received on the continuum. *See id.* at ¶¶ 34-41. Comparing the terms and conditions of Samson's parole to "Ballard's modest conditions of unsupervised probation," the majority held suspicionless searches of unsupervised probationers are unreasonable under the Fourth Amendment. *Id.* at ¶¶ 39-41.

[¶13] Shortly after *Ballard*, we decided *White*, 2017 ND 51, 890 N.W.2d 825. White argued a probation search of his cell phones while he was on supervised probation was unreasonable because the terms of his probation limited a search to his person, vehicle, or residence. *Id.* at ¶ 6. We held that "[a] supervised probationer has a lower expectation of privacy than an unsupervised probationer," and "[b]alancing the totality of the circumstances, no more than reasonable suspicion was required to conduct a search under the conditions of White's probation." *Id.* at ¶ 12. Additionally, we concluded the "conditions of White's probation allowed officers to search the cell phones located inside White's residence as part of the probation search." *Id.* at ¶ 13 (citing *State v. Gonzalez*, 2015 ND 106, ¶¶ 16-17, 862 N.W.2d 535 (holding search of probationer's cell phones located inside probationer's residence and vehicle was within scope of valid probationary search when condition of probation authorized search of person, place of residence or vehicle)).

[¶14] "Reasonable suspicion exists when a reasonable person would be justified by some objective reason to suspect the defendant was, or was about to be, engaged in unlawful activity." *Id.* at ¶ 14 (citing *State v. Franzen*, 2010 ND 244, ¶ 12, 792 N.W.2d 533). "Whether the facts in a particular case support a reasonable and articulable suspicion is a question of law which is fully reviewable on appeal." *State v. Ashby*, 2017 ND 74, ¶ 9, 892 N.W.2d 185 (citing *City of Dickinson v. Hewson*, 2011 ND 187, ¶ 6, 803 N.W.2d 814). Powley was arrested for aggravated assault while he was on parole. As part of the investigation into the aggravated assault, law enforcement officers conducted a warrantless search of Powley's cell phone, as was authorized under the

conditions of Powley's parole. The detective who conducted the search of Powley's phone believed there may have been evidence of communications between Powley and the victim in the aggravated assault case. Under the facts of this case, the search of Powley's cell phone was not a suspicionless search. The detectives who conducted the search had a basis for doing so as part of the investigation into the aggravated assault. And consistent with our decision in *White*, Powley agreed to the warrantless search of his cell phone under the conditions of his parole.

[¶15] Powley's expectation of privacy was diminished by virtue of his parolee status alone. On the continuum of state-imposed punishments, parolees have fewer expectations of privacy than probationers. We have held that warrantless searches of supervised probationers based on reasonable suspicion are not unreasonable under the Fourth Amendment. Therefore, a warrantless search of a parolee based on reasonable suspicion passes constitutional muster. Under the totality of the circumstances, the search of Powley's cell phone was not constitutionally unreasonable because law enforcement had reasonable suspicion to conduct the search. Because the search of Powley's cell phone was based on reasonable suspicion, we do not reach the issue of whether suspicionless searches of parolees are permitted under our jurisprudence. The district court did not err in denying Powley's motion to suppress the evidence obtained from the warrantless search of his cell phone because the search of Powley's cell phone was not in violation of his Fourth Amendment rights.

VI

[¶16] The criminal judgment is affirmed.

[¶17] Gerald W. VandeWalle
Jerod E. Tufte
Lisa Fair McEvers
Daniel J. Crothers
Jon J. Jensen, C.J.

7