2015 ND 134

**STATE of North Dakota, Plaintiff and Appellant,**

**v.**

**Deven James SCHMIDT, Defendant and Appellee.**

No. 20140272.

Supreme Court of North Dakota.

May 27, 2015.

Dawn M. Deitz, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellant.

Danny L. Herbel, Bismarck, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1]   The State appealed from a district court order granting Deven Schmidt's motion to suppress the evidence.  We reverse and remand.

I

[¶ 2]   A law officer attempted to serve a misdemeanor bench warrant on Deven Lavallie at the location listed on the warrant. Deven Schmidt resided at that residence, but was not a subject of the warrant.

Schmidt answered the door for the officer, who asked if Lavallie was there. Schmidt responded that he was sleeping in the back bedroom. The officer then informed him that he had an arrest warrant for Lavallie. Schmidt did not verbally respond or invite the officer in, but did step back and walk to Lavallie's bedroom with the officer following.

[¶ 3] During Lavallie's arrest, the officer observed in plain view drug paraphernalia in his bedroom. The officer took him into the living room and detained both him and Schmidt. The officer then observed drug paraphernalia in the living room. Permission to search the residence was received from Schmidt and Lavallie. That search discovered marijuana and drug paraphernalia in both of their bedrooms, and they were placed under arrest.

[¶ 4] Schmidt moved to suppress the evidence as the product of an unlawful warrantless entry and illegal search and seizure of the evidence, and argued that he was illegally seized and detained. The State responded that consent was given to enter the residence, the initial evidence found was found in plain view, and the officer received consent to make the subsequent search of the residence. The district court granted the motion finding that no consent was given to the officer to enter the apartment, and no other exigent circumstances or exceptions to the warrant requirement apply justifying entry into the home. On appeal, the State argues the evidence should not have been suppressed because the officer had authority to enter the home, and all evidence found inside the home either was observed in plain view, or was admissible after receiving consent from the home's occupants.

## II

[¶ 5] When reviewing a district court's ruling on a motion to suppress evidence, this Court defers to a trial court's findings of fact, and conflicts in testimony are resolved in favor of affirmance because we recognize the trial court is in a superior position to assess the credibility of witnesses and weigh evidence. *State v. Gasal*, 2015 ND 43, ¶ 6, 859 N.W.2d 914. "A district court's findings of fact on a motion to suppress will not be reversed if there is sufficient competent evidence fairly capable of supporting the court's findings, and the decision is not contrary to the manifest weight of the evidence." *State v. DeCoteau*, 1999 ND 77, ¶ 6, 592 N.W.2d 579. "Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law." *State v. Graf*, 2006 ND 196, ¶ 7, 721 N.W.2d 381.

## III

[¶ 6] The Fourth Amendment and the North Dakota Constitution safeguard individuals from unreasonable searches and seizures. U.S. Const. amend. IV; N.D. Const. art. I, § 8. "A search occurs when the government intrudes upon an individual's reasonable expectation of privacy." *State v. Hart*, 2014 ND 4, ¶ 12, 841 N.W.2d 735. "A physical entry into a home is a chief evil against which the Fourth Amendment protects." *Id.* "Warrantless and non-consensual searches and seizures made inside a home are presumptively unreasonable." *Id.* "In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Id.*

[¶ 7] In this case, the district court determined that no consent was provided by Schmidt granting the officer access into the home. The court did not address

whether the execution of the misdemeanor bench warrant provided lawful authority to the officer to enter the home without consent to arrest the named person.

[¶ 8] "If there is sufficient evidence of a citizen's participation in a felony to persuade a judicial officer that his arrest is justified, it is constitutionally reasonable to require him to open his doors to the officers of the law." *Payton v. New York*, 445 U.S. 573, 602–03, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). "Thus, for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Id.* Subsequent to *Payton*, a majority of courts have determined the "reason to believe" requirement to include the reasonable belief the suspect resides at the dwelling to be searched and is currently present at the dwelling. *U.S. v. Graham*, 553 F.3d 6, 12 (1st Cir.2009); *U.S. v. Lovelock*, 170 F.3d 339, 343 (2d Cir.1999); *U.S. v. Route*, 104 F.3d 59, 62 (5th Cir. 1997); *El Bey v. Roop*, 530 F.3d 407, 416–17 (6th Cir.2008); *Valdez v. McPheters*, 172 F.3d 1220, 1224–25 (10th Cir.1999); *U.S. v. Thomas*, 429 F.3d 282, 286 (D.C.Cir.2005). *But see U.S. v. Gorman*, 314 F.3d 1105, 1115 (9th Cir.2002) (holding that probable cause the person resides and is at that location is required for an arrest warrant). We have cited to a similar test requiring a reasonable belief the person named is located at that residence in the context of an officer's lawful entry into a residence. *State v. Kitchen*, 1997 ND 241, ¶¶ 21–24, 572 N.W.2d 106 (discussing *State v. Crider*, 341 A.2d 1 (Me.1975)).

[¶ 9] Here, the record shows the residence entered by the officer was the residence listed on the bench warrant for Lavallie. When the officer asked Schmidt if Lavallie was located there, he responded "yes, he is sleeping in the back bedroom." These facts establish a reasonable belief that Lavallie was located at that residence and was currently present at that location.

[¶ 10] The State argues that the misdemeanor arrest warrant provides the legal authority to enter the home. A felony arrest warrant allows for the lawful entry of a person's residence to execute an arrest. *Payton*, 445 U.S. at 602–03, 100 S.Ct. 1371. We have not previously determined whether a misdemeanor arrest warrant provides for the same legal authority to enter as a felony arrest warrant. North Dakota statutes do not appear to distinguish between a felony arrest warrant and a misdemeanor arrest warrant. *See* N.D.C.C. §§ 29–06–08, 29–06–14. Other courts have held a misdemeanor bench warrant was sufficient to permit entry into a residence under *Payton*. *U.S. v. Spencer*, 684 F.2d 220, 223 (2nd Cir.1982); *Kain v. Nesbitt*, 156 F.3d 669, 670, 672–73 (6th Cir.1998); *U.S. v. Clayton*, 210 F.3d 841, 843–44 (8th Cir.2000); *U.S. v. Gooch*, 506 F.3d 1156, 1158–59 (9th Cir.2007).

[¶ 11] We agree with these courts that a warrant supported by probable cause, regardless of whether it is a felony or misdemeanor warrant, provides a law officer authority to enter the residence of the person named in the warrant in order to execute the warrant. In this case, the district court granted the motion to suppress evidence on the ground that the initial entry into the home was unlawful because no consent was given. Here, no consent was necessary for the initial entry into Lavallie's residence by law enforcement for the purpose of executing the misdemeanor bench warrant. We do not reach other issues after the initial entry into the home.

## IV

[¶ 12]  We reverse the district court's order and remand for further proceedings.

[¶ 13]  CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.