# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2018 ND 266

State of North Dakota,                                        Plaintiff and Appellee

v.

Anquine Lamont White,                                        Defendant and Appellant

No. 20180020

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Kirsten M. Sjue, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Laura C. Ringsak (on brief), Bismarck, ND, for defendant and appellant.

Nathan K. Madden (on brief), Williams County Assistant State's Attorney, Williston, ND, for plaintiff and appellee.

**Crothers, Justice.**

[¶1]   Anquine White appeals a district court criminal judgment after a jury found him guilty of drug, paraphernalia and firearm possession.  White argues officers conducted a warrantless, suspicionless probationary search and violated his constitutional rights against unreasonable searches and seizures.  Reasonable suspicion of White's roommate violating probation supported the initial search of the home, and discovery of evidence in plain view permissibly expanded the search. We affirm the criminal judgment.


I

[¶2]   White was on supervised probation for felony drug charges.  He lived in Williston with another individual on supervised probation.  Both men reported to the probation department that the home's address was their current residence and both men were subject to residential probationary searches as a condition of probation.  White's roommate was on supervised probation approximately two months before the search of the residence.  The roommate failed to report to probation officers as directed, even after an encounter with probation officers instructing him to contact the probation office by the end of the following week.  Ten days after the roommate's deadline to report, probation officers visited the home to contact the roommate or White.  White had not reported to probation officers for six weeks at the time of the search.

[¶3]   Upon arrival at the home, a third-party told the officers neither the roommate nor White were available.  Based on the probation violation of White's roommate in failing to report, the officers searched the premises for the roommate or White.  The search did not yield White or the roommate, but officers discovered a scale in plain view in one of the bedrooms.  Officers expanded the search after the discovery and

recovered several items of contraband, including paraphernalia, drugs and a firearm. Officers found personal effects linking White to the bedroom, and the State charged him with possession of drugs, paraphernalia and a firearm.

[¶4]    White moved to suppress the evidence gathered during the search, arguing that failure to report to probation officers is not sufficient to support a probationary search. The district court found a totality of the circumstances provided reasonable suspicion for the search based on the roommate's failure to report to probation officers. The district court found the officers permissibly expanded the search after discovering a scale with suspected drug residue in plain view in one of the bedrooms. The district court denied the motion to suppress evidence and a jury found White guilty.

II

[¶5]    White argues the district court erred in denying his motion to suppress because actions by the officers amounted to a suspicionless search in violation of his Fourth Amendment rights against unreasonable searches and seizures. He claims the search violated Fourth Amendment rights because the officers lacked reasonable suspicion to initiate the search of the home.

[¶6]    When reviewing a district court's decision regarding a motion to suppress, we defer to the district court's findings of fact to resolve conflicts in testimony in favor of affirmance. *State v. Kitchen*, 1997 ND 241, ¶ 11, 572 N.W.2d 106. We affirm a district court decision on a motion to suppress if there is "sufficient competent evidence fairly capable of supporting the court's findings, and the decision is not contrary to the manifest weight of the evidence." *State v. Nickel*, 2013 ND 155, ¶ 12, 836 N.W.2d 405 (internal quotation marks and citations omitted). Questions of law are fully reviewable, and whether a finding of fact meets a legal standard is a question of law. *State v. Schmidt*, 2015 ND 134, ¶ 5, 864 N.W.2d 265.

[¶7]    The Fourth Amendment to the United States Constitution and art. I, § 8, of the North Dakota Constitution protect individuals from unreasonable searches and seizures. When reviewing the constitutionality of probationary searches, we interpret

2

the North Dakota Constitution to provide the same protections for probationers as provided by the United States Constitution. *State v. Ballard*, 2016 ND 8, ¶ 8, 874 N.W.2d 61. We consider the totality of the circumstances to balance the degree to which the search intrudes upon an individual's privacy against the degree to which the search is needed to promote legitimate government interests. *Ballard*, at ¶¶ 8, 34.

[¶8] In *United States v. Knights* the Supreme Court considered the totality of circumstances, balanced government and private interests and held a probationary search was reasonable when it was supported by reasonable suspicion and authorized by a condition of probation. *United States v. Knights*, 534 U.S. 112, 122 (2001). The Court in *Knights* explained probationers have a lesser expectation of privacy:

> "Probation, like incarceration, is a form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty. Probation is one point . . . on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service. Inherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled. Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens."

*Id.* at 119 (internal citations and quotation marks omitted). The Court further stated a probationer may be more likely than ordinary members of society to engage in future criminal conduct, and therefore the State may justifiably focus on probationers in a way that it does not focus on ordinary citizens to stop potential criminal conduct and protect potential victims. *Id*. at 120-21. The Court did not address whether a suspicionless search authorized by a condition of probation was reasonable. *Id*. at 120 n. 6.

[¶9] The Supreme Court considered a parolee's diminished rights and privacy interests in *Samson v. California* and held the suspicionless search of a parolee does not violate the Fourth Amendment. *Samson v. California*, 547 U.S. 843, 846 (2006). Under the totality of the circumstances the Court explained a parolee or prisoner has

3

a lesser expectation of privacy than a probationer and the government interests are substantial. *Id*. at 850-53.

[¶10] This Court considered the constitutionality of probationary searches in *Ballard*. 2016 ND 8, 874 N.W.2d 61. Using the totality of the circumstances test, a majority of this Court held a suspicionless search of an unsupervised probationer was constitutionally unreasonable and violated the Fourth Amendment. *Id*. at ¶¶ 41-42. The State's interest in restraining the liberty of unsupervised probationers is less than the interest in supervising parolees. *Id*. at ¶ 41. On the continuum of privacy rights the unsupervised probationer with minimal probation conditions has a greater expectation of privacy, and the governmental interests did not outweigh the unsupervised probationer's expectation of privacy. *Id*. Thus, a suspicionless search was unreasonable under the Fourth Amendment. *Id*.

[¶11] The decision in *Ballard* turned on the suspicionless search of an unsupervised probationer. Here, White and his roommate were supervised probationers and the State claimed the failure of the roommate to report to probation officers as directed created reasonable suspicion to search the home. This case is similar to *Knights* because a supervised probationer has a lower expectation of privacy than an unsupervised probationer, and the State has a greater interest in monitoring probationers on supervised probation. *See Ballard*, 2016 ND 8, ¶¶ 35, 37. Under the totality of the circumstances, no more than reasonable suspicion was required to conduct a probationary search. *See Knights*, 534 U.S. at 121, 122 S. Ct. 587.

[¶12] The imposition of conditions of probation is a matter of judicial discretion, and the trial court is authorized to tailor conditions to meet the particular facts and circumstances of each case. *Davis v. State*, 2001 ND 85, ¶ 7, 625 N.W.2d 855. When imposing probation conditions a court may require individuals to report to probation officers at reasonable times and as directed by the court or the probation officer. N.D.C.C. § 12.1-32-07(4)(k). Those probation conditions may subject a probationer's residence to a warrantless search. N.D.C.C. § 12.1-32-07(4)(n).

4

[¶13] The conditions of supervised probation for both White and the roommate included requirements to report to probation officers as instructed, inform the probation department of changes of address and submit to personal and property searches conducted by law enforcement. While the roommate reported to probation officers upon his release from incarceration, he did not make further contact as directed. On March 1, 2017, probation officers spoke to the roommate while on-duty for an unrelated matter. Probation officers directed the roommate to report to the probation office the following week. Ten days after the roommate's deadline to report the officers initiated a probationary search in an attempt to locate the roommate at the home he shared with White. The search was supported by reasonable suspicion of unlawful activity by the roommate for failing to report to probation officers and authorized by a condition of probation subjecting the home to a warrantless search. The search was constitutionally reasonable, and the district court did not err in denying the motion to suppress.

III

[¶14] After examining the record we conclude, under the totality of the circumstances, reasonable suspicion of the roommate's probation violation supported the search of White's home. The evidence supports the district court's findings and its decision is not contrary to the manifest weight of the evidence. We affirm the criminal judgment.

[¶15]   Daniel J. Crothers
        Lisa Fair McEvers
        Jon J. Jensen
        Jerod E. Tufte
        Gerald W. VandeWalle, C.J.