# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 106

State of North Dakota,                                       Plaintiff and Appellant

v.

Shannon David Keola Stenhoff,                               Defendant and Appellee

No. 20180300

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Stephenie L. Davis, Assistant State's Attorney, Watford City, ND, for plaintiff and appellant.

Jared W. Gietzen, Dickinson, ND, for defendant and appellee.

**McEvers, Justice.**

[¶1]	The State appeals from a district court order granting Shannon Stenhoff's motion to suppress evidence.  We reverse and remand for further proceedings.


I

[¶2]	In November 2017, Shannon Stenhoff was sentenced to two years of supervised probation, the terms of which included a search clause.  The search clause provided:

> You shall submit your person, place of residence and vehicle, or any other property to which you may have access, to search and seizure at any time of day or night by a parole/probation officer, with or without a search warrant.

After allegedly violating the conditions of his probation, a petition to revoke Stenhoff's probation was filed on January 30, 2018 and an order to apprehend was issued.

[¶3]	On February 5, 2018, law enforcement officers executed a "fugitive apprehension search warrant" for Stenhoff at the location they believed Stenhoff was living and arrested him sometime between 9:20 p.m. and 1:12 a.m., February 6, 2018.  According to Stenhoff's probation officer, it was believed to be Stenhoff's residence because it was Stenhoff's last reported address.  While at that location, a cursory officer safety search of the residence was conducted.  According to  testimony of a deputy, while the officers were in the residence, a child residing there questioned if the officers were there for "the drugs and [alluded] to the presence of the illegal narcotics in the residence."  A deputy who conducted the search testified the child's statement caused him to attempt to contact Stenhoff's probation officer to notify him of the search for Stenhoff, but the probation officer did not answer the call.  The deputy testified there were no narcotics in plain view.

[¶4]    Later on February 6, 2018, Stenhoff's probation officer was notified. Approximately 14 hours after Stenhoff's arrest, law enforcement officers and Stenhoff's probation officer visited the residence where Stenhoff was apprehended to conduct a probationary search.  During the course of that search, several items of drug paraphernalia, drugs, and a rifle were found.

[¶5]    Based on the evidence seized during the probationary search, the State filed charges in February 2018.  In May 2018, Stenhoff moved to suppress the evidence against him, claiming the warrantless probationary search violated his Fourth Amendment rights.  The State opposed the motion.  Following a suppression hearing, where testimony from various law enforcement officers and a probation officer was heard, the district court granted Stenhoff's motion to suppress, concluding the search was unreasonable and violated the Fourth Amendment's prohibition against unreasonable searches, because law enforcement should have sought a warrant to search the residence.

[¶6]    On appeal, the State argues the search at the residence where Stenhoff was arrested was reasonable because probationers have a lesser expectation of privacy under the Fourth Amendment, and the statements made to law enforcement by the child living at the residence regarding drugs provided reasonable suspicion of criminal activity at the residence.


II

[¶7]    The prosecution's right to appeal in a criminal case is strictly limited by N.D.C.C. § 29-28-07. *State v. Boehm*, 2014 ND 154, ¶ 6, 849 N.W.2d 239.  The State may appeal from an order suppressing evidence if the notice of appeal is accompanied by a statement of the prosecuting attorney asserting the appeal is not taken for the purpose of delay and the evidence is a substantial proof of a fact material in the proceeding. N.D.C.C. § 29-28-07(5). Here, the State included such a statement along with the notice of appeal, arguing the district court's decision to grant the suppression eviscerated the State's evidence of the alleged offenses.  A review of the suppressed

2

evidence demonstrates it was necessary to prove elements of the offenses charged, because the charges were based on items found at the residence. *See Boehm*, at ¶ 7. Therefore, the order granting the motion to suppress is appealable.

## III

[¶8]    This Court's review of a district court's decision to grant or deny a motion to suppress is well established:

> A trial court's findings of fact in preliminary proceedings of a criminal case will not be reversed if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. We do not conduct a de novo review. We evaluate the evidence presented to see, based on the standard of review, if it supports the findings of fact.
> *State v. Whitman*, 2013 ND 183, ¶ 20, 838 N.W.2d 401. "Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law." *State v. Graf*, 2006 ND 196, ¶ 7, 721 N.W.2d 381.

*Boehm*, 2014 ND 154, ¶ 8, 849 N.W.2d 239. "Whether a violation of the constitutional prohibition against unreasonable searches and seizures has occurred is a question of law." *State v. Ballard*, 2016 ND 8, ¶ 6, 874 N.W.2d 61.

[¶9]    In *Ballard*, this Court reiterated the link between Fourth Amendment protections and probationary searches:

> The Fourth Amendment to the United States Constitution and art. I, § 8, of the North Dakota Constitution protect individuals from unreasonable searches and seizures. "When reviewing the constitutionality of probationary searches, we have interpreted the North Dakota Constitution to provide the same protections for probationers as provided by the United States Constitution." *Maurstad*, 2002 ND 121, ¶ 11, 647 N.W.2d 688 (citations omitted). "[U]nder our general Fourth Amendment approach we examin[e] the *totality of the circumstances* to determine whether a search is reasonable within the meaning of the Fourth Amendment." *Samson v. California*, 547 U.S.

3

843, 848, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006) (citation omitted) (quotation marks omitted).

2016 ND 8, ¶ 8, 874 N.W.2d 61 (emphasis added). "The touchstone of the Fourth Amendment is reasonableness, and the reasonableness of a search is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *Ballard*, at ¶ 30 (quoting *U.S. v. Knights*, 534 U.S. 112, 118-19 (2001)). "We consider the totality of the circumstances to balance the degree to which the search intrudes upon an individual's privacy against the degree to which the search is needed to promote legitimate government interests." *State v. White*, 2018 ND 266, ¶ 7, 920 N.W.2d 742. A probationary search based on reasonable suspicion meets constitutional muster. *State v. Maurstad*, 2002 ND 121, ¶ 37, 647 N.W.2d 688; *see also U.S. v. Knights*, 122 S.Ct. 587, 593 (2001) ("When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable.").

[¶10] In *White*, we stated "a supervised probationer has a lower expectation of privacy than an unsupervised probationer, and the State has a greater interest in monitoring probationers on supervised probation." 2018 ND 266, ¶ 11, 920 N.W.2d 742. We held a probationary search was constitutionally reasonable because law enforcement had reasonable suspicion unlawful activity was afoot when an individual on supervised probation failed to fulfill a condition of his probation. *Id.* at ¶ 13. The defendant in *White* was on supervised probation for felony drug charges, was subject to residential probationary searches as a condition of probation, and was living with another individual also on supervised probation. *Id.* at ¶ 2.

[¶11] Here, Stenhoff's supervised probation conditions also included a search clause. The child's statement alluding to the presence of drugs in the residence to officers

during the initial officer safety sweep provided reasonable suspicion that unlawful activity was afoot. Stenhoff does not dispute this point.

[¶12] The district court's order stated:

> Approximately fourteen hours after Stenhoff's arrest, a warrantless probation search was conducted of the residence in which he was found. There is no exigency or indication that the officer was under any time constraints in obtaining a warrant. In this court's opinion, the warrantless search was unreasonable and a violation of the Fourth Amendment's prohibition against unreasonable searches.

The court's analysis that because there may have been time to obtain a search warrant, it was unreasonable not to seek a warrant, while noble, is legally flawed.

[¶13] No argument has been made that the information relied upon for reasonable suspicion 14 hours later is stale. Relying on *U.S. v. Knights,* 534 U.S. 112 (2001), Stenhoff argues that once a probationer is arrested and is in custody, they are no longer subject to the conditions of probation. In *Knights*, the United States Supreme Court stated: "Probation is 'one point . . . on a continuum of possible punishments ranging from solitary confinement in a maximum–security facility to a few hours of mandatory community service.'" *Id.* at 119 (citing *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987) (citation omitted)). While we agree that probation is a point on the continuum of punishments, we disagree that being in custody for a probation violation somehow terminates or suspends Stenhoff's probation or the conditions of probation.

[¶14] A similar argument was made in a post-conviction case, where the defendant argued he could not willfully violate a condition of probation because he did not think the condition applied while he was in prison. *Davis v. State*, 2001 ND 85, ¶ 6, 625 N.W.2d. 855. We stated in *Davis*, that the district court may impose prior conditions of probation under N.D.C.C. § 12.1-32-07 while a defendant is in prison. *Id.* at ¶ 7. While that is not the case here, it shows that conditions of probation may apply when a person is incarcerated, rather than incarceration and probation being two mutually exclusive points on the continuum. Stenhoff remained on probation and subject to conditions of probation while in custody until such time as his probation was

5

terminated or revoked. *See* N.D.C.C. § 12.1-32-07(6) (stating the court, upon notice to the probationer and with good cause, may modify or enlarge the conditions of probation prior to the expiration or termination of the probation period, and upon violation of a condition of probation, the court may continue probation or revoke probation); *see also* N.D.R.Crim.P. 32(f)(1) (discussing process for taking probationer into custody upon showing of probable cause for a probation violation, but noting probationer may be admitted to bail pending the hearing).

[¶15] In *U.S. v. Ickes*, a probationer argued the fact that he was in custody during the search militates against the government's right to conduct a probation search of his property. 2017 WL 1017120. In *Ickes*, the United States District Court for the Western District of Kentucy rejected his argument relying on *U.S. v. Martin*, 25 F.3d 293 (6th Cir. 1994), where the Sixth Circuit held it was reasonable for the probation officer to search the defendant's car despite the fact that the defendant was already in custody. *Id.* at *2. While not directly on point, a similar result has been held in regard to prisoners on parole. *See U.S. v. Jones*, 152 F.3d 680, 686-87 (7th Cir. 1998) (discussing post-arrest search of parolee's residence indicating defendant's arrest did not eliminate his diminished expectation of privacy or risk to society posed by contraband in his residence); *U.S. v. Hill*, 967 F.2d 902, 911 (3d Cir. 1992) (determining warrantless search of a parolee's business one day after his arrest and incarceration did not violate the Fourth Amendment); *U.S. v. Trujillo*, 404 F.3d 1238, 1243-44 (10th Cir. 2005) (holding that search of a parolee's residence subsequent to arrest did not affect the validity of the parole agreement's search condition).

[¶16] In *Knights*, the United States Supreme Court held a warrantless search of a probationer's residence is reasonable under the Fourth Amendment if an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity. 534 U.S. at 120-21. This Court relied on *Knights* in holding a person on supervised probation has a lower expectation of privacy, and under the totality of the circumstances, no more than reasonable suspicion is required to conduct

a search. *White*, 2018 ND 266, ¶ 11, 920 N.W.2d 742. The district court erred in concluding the search here was not reasonable.

IV

[¶17] Under the totality of the circumstances, a reasonable suspicion that drugs were in Stenhoff's residence was supported by the child's statement at the time Stenhoff was apprehended for a probation violation. The district court's order granting Stenhoff's motion to suppress evidence is reversed and remanded for further proceedings.

[¶18]  Lisa Fair McEvers
        Jon J. Jensen
        Jerod E. Tufte
        Daniel J. Crothers
        Gerald W. VandeWalle, C.J.