Crothers, Justice, specially concurring.
[¶19] The majority concludes Casson was seized for Fourth Amendment purposes when the deputies threatened to get a drug sniffing dog. I respectfully disagree.
[¶20] In reviewing a district court's decision on a motion to suppress we defer to the district court's findings of fact, and we resolve conflicts in testimony in favor of affirmance because the district court is in a superior position to assess the witnesses' credibility and weigh evidence. State v. Schmidt , 2015 ND 134, ¶ 5, 864 N.W.2d 265. "A district court's findings of fact on a motion to suppress will not be reversed if there is sufficient competent evidence fairly capable of supporting the court's findings, and the decision is not contrary to the manifest weight of the evidence." Id. (quoting *385 State v. DeCoteau , 1999 ND 77, ¶ 6, 592 N.W.2d 579 ). Questions of law are fully reviewable, and whether a finding of fact meets a legal standard is a question of law. Id.
[¶21] Here, the district court agreed with the State's argument that this was a casual encounter, and that the deputies did not use lights, sirens or other indicia of law enforcement control. The district court also found Casson was not seized when law enforcement merely stated a K-9 would be called to complete a vehicle perimeter sniff.
[¶22] The Fourth Amendment of the United States Constitution and art. I, § 8 of the North Dakota Constitution protects individuals from unreasonable searches and seizures. Not all encounters between law enforcement and citizens are seizures implicating the Fourth Amendment. Garcia v. Levi , 2016 ND 174, ¶ 11, 883 N.W.2d 901. An officer approaching and speaking with a citizen is not a Fourth Amendment seizure. Id. A Fourth Amendment seizure occurs if a reasonable person would believe, viewing all the circumstances surrounding the incident, that he or she is not free to leave. State v. Fields , 2003 ND 81, ¶ 11, 662 N.W.2d 242. An officer's approach of a parked vehicle is not a seizure if the officer inquires of the occupant conversationally, does not order the person to do something, and does not demand a response. Garcia, at ¶ 11.
[¶23] Based on this record and the district court's findings, I agree with the district court that a Fourth Amendment seizure did not occur when law enforcement made contact with Casson. The deputies did not engage in a show of force when they located Casson in the park. Casson exited the truck on his own and met a deputy at the back of the vehicle. The deputy asked if Casson was carrying identification but did not demand to see it. The deputy asked for permission to search Casson's truck. Casson clearly felt free to refuse the search request and said no. When the deputy indicated a K-9 would be called, he did not direct Casson to wait outside of or stay away from his truck. Importantly, upon mention of a K-9 sniff, Casson immediately consented to a search.
[¶24] I do not agree with the majority that law enforcement's mere mention of obtaining additional resources objectively constitutes a Fourth Amendment seizure. See majority opinion, ¶ 12. If that was the case, law enforcement seemingly would escalate every casual encounter into a seizure by doing nothing more than calling for a backup officer. Under the majority's logic, a backup officer would serve no purpose if the driver is free to leave, and the driver and car could be gone when backup arrives. Yet I doubt many would conclude an officer's singular act of calling for backup transforms a non-custodial encounter into a seizure. We also know without extensive citation to authority that officers often ask to search a vehicle, sometimes without sufficient legal suspicion or cause to do so. See, e.g. , State v. Schneider , 855 N.W.2d 399, ¶ 3, 2014 ND 198 (deputy sheriff approached parked car and asked to search). If a driver in such a case refuses to permit the search, and the officer bluffs by stating in response that a warrant could be obtained, I seriously doubt many courts would conclude a seizure occurred simply because the officer made a statement about getting (or even threatened to get) a warrant. So too here, I do not agree that an officer merely stating he was going to call for a K-9 transformed this non-custodial encounter into a Fourth Amendment seizure.
[¶25] Because a seizure under the Fourth Amendment did not occur, I would not address whether the facts support reasonable articulable suspicion to detain Casson. Rather, I would affirm the district *386 court based on the lack of a Fourth Amendment seizure.
[¶26] Daniel J. Crothers
Lisa Fair McEvers