# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 163

State of North Dakota,

Plaintiff and Appellee

v.

Spencer Jay Moen,

Defendant and Appellant

### No. 20250018

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Nicholas W. Chase, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Renata J.O. Selzer (argued), Katie M. Nechiporenko (on brief), and Nicholas S. Samuelson (on brief), Assistant State's Attorneys, Fargo, ND, for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Spencer Moen appeals from a criminal judgment entered after a jury found him guilty of murder. Moen argues the district court violated his constitutional right to confront witnesses because it failed to comply with statutory requirements for allowing remote testimony by child witnesses. We affirm, concluding the court made the findings required to permit remote testimony, and those findings are not contrary to the manifest weight of the evidence.

I

[¶2]   The State charged Moen with one count of murder and one count of contributing to the delinquency of a minor. The State alleged Moen killed his wife in their home while the couple's five-year-old boy and girl were present. Prior to trial, the State filed a motion requesting permission for the children to testify outside the courtroom by reliable electronic means. The State claimed the children "witnessed portions of the domestic violence" that resulted in the victim's death, and requiring the children to testify in the presence of the defendant would cause them emotional distress and impact their ability to testify.

[¶3]   The district court held a hearing on the motion and received testimony from a clinical psychologist who provided therapy to the boy and a behavioral health counselor who provided therapy to the girl. The court held a subsequent hearing where the parties presented their arguments. The court orally granted the State's motion at the conclusion of the second hearing, finding that remote testimony was necessary because, if the children were required to testify in front of Moen, they "would likely suffer serious emotional distress or trauma and it would impact their ability to reasonably communicate."

[¶4]   Moen entered a guilty plea to the contributing to the deprivation of a minor charge. At the murder trial, the district court instructed the jury that testimony by the children from a remote location is permissible by law, and the jury should not draw any inferences from their method of appearance. After the

court gave its instruction, the prosecutor, defense counsel, and the clerk of court left the courtroom and went to a different room where the children testified. The children were sworn in, and each child testified by electronic means that allowed two-way communication. The jury returned a guilty verdict, and the court entered a criminal judgment sentencing Moen to life imprisonment without the possibility of parole. Moen appeals.

II

[¶5]   The Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, ensures "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." The North Dakota Constitution has a "similar guarantee." *City of Fargo v. Komad*, 2006 ND 177, ¶ 5, 720 N.W.2d 619. "In criminal prosecutions in any court whatever, the party accused shall have the right . . . to appear and defend in person[.]" N.D. Const. art. I, § 12.

> The Confrontation Clause reflects a preference for face-to-face confrontation at criminal trials. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). An accused's right to confrontation is fundamentally a trial right which consists of the right to cross-examination. *State v. Manke*, 328 N.W.2d 799 (N.D. 1982). In addition to ensuring the accused the opportunity to cross-examine his accusers, the purpose of the Confrontation Clause is to ensure that a witness will give his statements in court under oath, thereby impressing upon him the seriousness of telling the truth as against penalty for perjury, and to permit the jury an opportunity to observe the demeanor of the witness in making his statement, thus aiding the factfinder in assessing credibility. *California v. Greene*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

*State v. Fischer*, 459 N.W.2d 818, 820 (N.D. 1990); *see also State v. Woinarowicz*, 2006 ND 179, ¶ 8, 720 N.W.2d 635 ("The Confrontation Clause provides two protections to criminal defendants: the right to physically face someone who testifies against them, and the right to cross examine."). Although the right to confront witnesses is of a constitutional magnitude, it "is not absolute and, in appropriate cases, may 'bow to accommodate other legitimate interests in the

criminal trial process.'" *Fischer*, at 820 (quoting *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973)).

[¶6]   In *Maryland v. Craig*, 497 U.S. 836, 853 (1990), the Supreme Court decided "that a State's interest in the physical and psychological well-being of child abuse victims may be sufficiently important to outweigh, at least in some cases, a defendant's right to face his or her accusers in court." The Supreme Court held child testimony provided by one-way closed-circuit television may satisfy the Confrontation Clause's requirements under certain circumstances:

> [I]f the State makes an adequate showing of necessity, the state interest in protecting child witnesses from the trauma of testifying in a child abuse case is sufficiently important to justify the use of a special procedure that permits a child witness in such cases to testify at trial against a defendant in the absence of face-to-face confrontation with the defendant.
>
> The requisite finding of necessity must of course be a case-specific one: The trial court must hear evidence and determine whether use of the one-way closed circuit television procedure is necessary to protect the welfare of the particular child witness who seeks to testify. The trial court must also find that the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant. Denial of face-to-face confrontation is not needed to further the state interest in protecting the child witness from trauma unless it is the presence of the defendant that causes the trauma. . . . Finally, the trial court must find that the emotional distress suffered by the child witness in the presence of the defendant is more than de minimis . . . .
>
> . . . .
>
> In sum, we conclude that where necessary to protect a child witness from trauma that would be caused by testifying in the physical presence of the defendant, at least where such trauma would impair the child's ability to communicate, the Confrontation Clause does not prohibit use of a procedure that, despite the absence of face-to-face confrontation, ensures the reliability of the evidence by subjecting it to rigorous adversarial testing and thereby preserves the essence of effective confrontation. . . .

*Id.* at 855-57 (cleaned up).

[¶7]  North Dakota Century Code § 31-04-04.2 codifies requirements from *Craig v. Maryland* relating to trauma and its impact on a child's ability to reasonably communicate. It states:

> 1. At the time of trial, if the witness is a minor . . . the court may order the witness's testimony be taken in a room other than the courtroom and be televised by audiovisual equipment in the courtroom if:
>
> > a. The testimony is taken during the proceeding;
> >
> > b. The judge determines the testimony of the witness in the presence of the defendant would result in the witness suffering serious emotional distress or trauma that would impact the ability of the witness to reasonably communicate; and
> >
> > c. Audiovisual equipment is available.

N.D.C.C. § 31-04-04.2(1).

### III

[¶8]  Moen does not challenge the constitutionality of N.D.C.C. § 31-04-04.2(1) and his argument is limited to whether the district court complied with the requirements of the statute. He argues the court violated his confrontation rights under our state and federal constitutions by allowing the children to testify from outside of the courtroom without making the requisite statutory findings. He claims the court's decision was improperly based on notions of veracity. In his words, "No findings of necessity, trauma, or compelling state interest were made on the record. As such, the remote testimony procedure denied Mr. Moen his right to in-person confrontation and cross-examination." He further argues that, even if the court made the required findings, the evidence would not support the findings.

[¶9]  It is ordinarily impermissible to "bootstrap[] a purely statutory violation into a constitutional defect" because statutory law may contain greater protections than minimal constitutional safeguards. *Serenko v. City of Wilton*, 1999

ND 88, ¶ 15, 593 N.W.2d 368. However, the district court in this case was required to find, under statutory law and the Supreme Court's decision in *Maryland v. Craig*, that requiring the children to testify in Moen's presence in the courtroom would traumatize them in a manner impacting their ability to communicate. *See* N.D.C.C. § 31-04-04.2(1) (stating the district court must determine testifying in the defendant's presence would cause "trauma that would impact the ability of the witness to reasonably communicate"); *see also Craig*, 497 U.S. at 855-57 (stating trial courts must find "that the child witness would be traumatized . . . by the presence of the defendant" and "such trauma would impair the child's ability to communicate"). Because the findings Moen claims are lacking here are required by both state statutory law and the Sixth Amendment to the United States Constitution, we will consider the full extent of his argument.

[¶10] North Dakota Rule of Criminal Procedure 12(d) governs disposition of pretrial motions in criminal cases. When deciding pretrial motions, the district court "must state its essential findings on the record." *Id.* The court must "provide an adequate explanation of the evidentiary and legal basis for its decision" that will allow this Court to "intelligently rule on the issues" and not "speculate whether the court properly applied the law." *State v. Rolland*, 2024 ND 175, ¶ 13, 11 N.W.3d 761 (quoting *State v. Knox*, 2016 ND 15, ¶ 10, 873 N.W.2d 664).

[¶11] The standard for reviewing a decision on a pretrial motion in a criminal case is well established:

> A trial court's findings of fact in preliminary proceedings of a criminal case will not be reversed if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. We do not conduct a de novo review. We evaluate the evidence presented to see, based on the standard of review, if it supports the findings of fact.

*State v. Stenhoff*, 2019 ND 106, ¶ 8, 925 N.W.2d 429 (quoting *State v. Whitman*, 2013 ND 183, ¶ 20, 838 N.W.2d 401). Whether a finding of fact satisfies a legal

standard is a question of law fully reviewable on appeal. *State v. Graf*, 2006 ND 196, ¶ 7, 721 N.W.2d 381.

[¶12] The district court heard testimony from experts who provided therapy to the children after their mother's death. The boy's clinical psychologist testified she diagnosed him with PTSD, and "he likely wouldn't give accurate testimony out of fear of being in front of his father." She explained: "I think it's [Moen's] presence that would lead to a resurgence in PTSD symptomatology." The girl's behavioral health counselor diagnosed her with "other trauma and stressor-related disorder." She similarly testified: "I do not think she should testify in front of her father. . . . I feel like she would probably be re-traumatized because I don't believe she's seen the defendant since this happened." She explained, "it's mostly the presence of the defendant" that would cause the re-traumatization.

[¶13] The district court granted the State's motion for remote testimony on the record at the hearing. The court expressly identified N.D.C.C. § 31-04-04.2(1) as the governing law. The court considered the State's expert witnesses credible, noting each had 36 meetings with the children. The court explained:

> I am finding that the State has made an adequate showing of the necessity, because under North Dakota Century Code I do find that the children would likely suffer serious emotional distress or trauma and it would impact their ability to reasonably communicate. The experts, again, stated that the children could likely shut down, cry uncontrollably. And, in fact, they stated that it was their experience and their opinion that they would more likely—they would testify more truthfully and more completely without having to face Mr. Moen. Again, that testimony was—was credible to me and it was unrebutted in this case.
>
>     . . . .
>
>     And, again, the experts said that's not just a general stress to testify, but it's particularly in front of Mr. Moen. Again, not just general stress, but particular stress of seeing and being afraid of and being upset by the sight of Mr. Moen.

[¶14] Moen correctly asserts the district court identified evidence that suggested the children's testimony would be more reliable if given out of court. However, the veracity of the children's testimony was not the sole basis for the court's

decision. The court specifically found remote testimony was necessary because Moen's presence in court would re-traumatize the children and impact their ability to reasonably communicate—specifically that the children "could likely shut down, cry uncontrollably." The court's findings are not contrary to the manifest weight of the evidence, and its decision complies with N.D.C.C. § 31-04-04.2(1). Moen has not established his constitutional right to confront witnesses was violated through a failure to comply with N.D.C.C. § 31-04-04.2(1).

## IV

[¶15]   The criminal judgment is affirmed.

[¶16]   Jon J. Jensen, C.J.
          Daniel J. Crothers
          Lisa Fair McEvers
          Jerod E. Tufte
          Douglas A. Bahr